## Dorsey *et al. v.* Merritt *et al.*

When the suit is commenced jointly under the statute of 1837, against the makers and indorsers of a promissory note, a defendant who has not given a forthcoming bond, may have his writ of error, although his co-defendants may have previously given and forfeited a bond.

The certificate of the notary public of demand and protest of a promissory note, is not evidence under the act of 1833, unless the same is verified by oath.

IN ERROR from the circuit court of the county of Yazoo.

This was an action of assumpsit, under the statute of 1837, against Vance and Woods as the makers of a promissory note for five thousand one hundred and sixty-seven dollars, and Washington Dorsey as the indorser.

On the trial, the plaintiff offered in evidence the notarial certificate of Franklin Hodgson, of the demand and protest, for the purpose of charging Dorsey. The certificate was in the usual form, except that it was not verified on oath. The counsel for the defendant objected to the reading of said certificate and record, on the ground that it was not verified by oath; which objection being overruled, exceptions were taken. Judgment for the plaintiff was rendered on the 18th day of May, 1838.

Vance, one of the defendants, executed and forfeited a forthcoming bond; but the execution had issued against Vance alone. On the 10th of May, 1841, Dorsey sued out his writ of error, and the defendant in error plead the statute of limitations of writs of error, and the forthcoming bond, in bar. The error assigned was the admission of the notarial record.

R. S. Holt, for plaintiff in error.

Issue in this case has been taken by plaintiffs in error, on the two pleas presented by the defendants. The record shows that the plea of the statute of limitations is unfounded in fact.

Dorsey *et al. v.* Merritt *et al.*

The record shows, that the execution on the original judgment against both the plaintiffs in error, issued against Vance alone, omitting the name of Dorsey.   This variance between the judgment and the execution on it, plaintiffs insist renders the latter null and void; and there being no writ of execution, the delivery bond must be regarded as void, and as presenting no bar to this writ of error.

Miles for defendants in error.

This cause has been brought up by writ of error.   To the errors assigned, two pleas have been plead; the taking and forfeiture of a forthcoming bond, and the statute of limitations.

The statute of this state expressly provides, that, after the giving and forfeiture of a forthcoming bond, no writ of error shall be prosecuted.   See How. & Hutch. Dig. p. 541.   In pursuance of that statute, this court has decided that no writ of error will lie after a forthcoming bond has been forfeited.   See 3 How. Rep. 34, Stamp *v.* Newton.

Plaintiff in error is *barred* by the statute of limitations.   See How. & Hutch. Dig. p. 540, which declares that no writ of error shall be prosecuted after three years have elapsed from the rendition of the judgment.

An objection was taken that defendants in error could not plead more than *one* plea to the assignment of errors.   This ground is not tenable.   Our statute (see How. & Hutch. Dig. 589) allows the defendant in any action or suit to plead as many pleas as he chuses in bar of the plaintiff's rights of recovery.   The statute is broad and comprehensive in its terms, and will apply to pleading in this as well as the circuit courts.

Mr. Chief Justice Sharkey delivered the opinion of the court.

The action was founded on a promissory note, Dorsey, the plaintiff in error, being the indorser.   On the trial he took a bill of exceptions, on which the writ of error is founded.

A preliminary question is presented by two pleas in bar to the assignment of errors: first, the statute of limitations, that the writ of error was not sued out within three years after the rendition of judgment; and second, that a fi. fa. had been sued out on the judg-

*Dorsey et al. v. Merritt et al.*

ment, which being levied, a forthcoming bond was given by Vance, one of the makers of the note, which was returned forfeited, and constituted a statutory bar to a writ of error.

The first plea is not sustained by the record. The judgment was rendered on the 18th of May, 1838, and the writ of error was sued out on the 10th of May, 1841, so that three years had not elapsed.

There is a provision in the statutes, How. & Hut. Digest, 541, sec. 50, by which it is declared that no writ of error shall be granted in a case where a forthcoming bond shall have been given and forfeited. In this case a bond was given by Vance, one of the defendants, as to whom the writ of error is barred, but Dorsey did not join in the bond, and thus the question is presented whether Dorsey is barred of his writ of error? Vance undoubtedly is, and the writ is in the name of all the defendants below. The rule is general and seems to be inflexible, that all who were defendants must join in prosecuting a writ of error, and even if one be dead he must still be named in the writ and his death suggested, and although one defendant may have been outlawed, he must still be joined with the others in the writ. The reason of this rule is, that if each one should be allowed to prosecute his writ separately, it would cause delay and perplexing litigation to the plaintiff. It would seem that the reason could not apply in this case, because Vance is barred by having given and forfeited a bond. But by holding that Dorsey might still prosecute his writ, this difficulty in some cases would arise; the original judgment is joint or entire, and if it can be reversed it must be reversed as to all the defendants, and the original judgment being reversed, would avoid the bond and judgment thereon. 5 Howard, 188. In ordinary cases therefore we should feel bound to hold that forfeiting a bond would bar a writ of error in the *case* according to the language of the statute. This difficulty, however, is obviated in the present case by another statutory provision. This action was instituted under the act of 1837, which requires that makers and indorsers shall be sued in a joint action. By a provision in that act, new trials may be granted to such of the defendants as the verdict may be wrongfully rendered against, and judgment is to be rendered against the others. Now if a part of the defendants can have a

Dorsey *et al. v.* Merritt *et al.*

new trial, they must also be entitled to a writ of error, and if the verdict and judgment were erroneous as to Dorsey, he is entitled to a reversal, notwithstanding Vance may be barred of his writ of error. The object of this statute was undoubtedly to protect indorsers, and Dorsey stands in that attitude. Having thus the power to review the proceedings as to some of the defendants, we may of course affirm as to part, and reverse as to the others. Or if the writ of error be barred as to some, as to them it may be quashed and remain good as to such as may be entitled to it. The objection to a writ of error arising under the statute prohibiting such proceeding after a bond forfeited, may be as well taken by motion to quash as by plea, and as Dorsey is still entitled to have the judgment reviewed, we must examine the merits of his application.

It is assigned as error that the court permitted the notarial record to go in evidence to the jury to prove protest and notice. The objection taken to this record is, that it was not verified by oath as the statute requires.

By the 33d section under the title evidence, How. & Hut. Dig. 609, it is declared that whenever it is necessary to have the evidence of a notary in relation to the protest of a note or bill, "the official act of said notary public, certified under his hand, and attested by his notarial seal, shall be deemed, held and taken to be conclusive evidence of the protest of such note, on the day it purports to have been made." The subsequent section provides that "when a notary shall protest such instrument as described in the foregoing section, he shall make and certify on oath, a full and true record of what shall have been done thereon by him in relation thereto, according to the facts, by noting thereon whether demand for the sum of money mentioned in the same was made, of whom and when, when the requisite notice or notices were served, and on whom; where the same were mailed, if such be the case, when mailed, to whom and where directed; and every other fact in any manner touching the same shall be distinctly set forth in his notarial record; and when so made out and certified it shall have the same validity, force and effect, in all courts of record within this state, as if the said notary were personally present and interrogated in court;" and he is declared to be guilty of perjury for making a false certificate. These two sections make the pro-

Dorsey *et al. v.* Merritt *et al.*

vision complete, and are to be construed together. By the first, the record of a notary is declared to be admissible, and by the second we are informed what that record shall contain, and how it shall be verified. If the record of the notary was admissible, the last section would be useless. The giving of notice is not an official act of the notary, and his certificate that he gave notice is not even made under his official oath, and no better than the certificate of any other person. The statute certainly did not intend to dispense with the solemnity of an oath in making the record evidence. This would be opening the door to imposition without the slightest security. Such was the view taken of this statute in the case of Barnard *v.* The Planter's Bank, 4 Howard, 98; but the record was admitted in that case although not made under oath, but it was because the notary was dead, and it was therefore the best proof that could be made. It was therefore error to admit the notary's record in this case, as it was not under oath, and for this reason the judgment must be reversed.

It is proper to remark, that we have not been called on to determine whether this judgment is still binding on the party who seeks to reverse it. The effect of the forthcoming bond given by Vance on the rights of Dorsey has not been called in question.

Judgment reversed, and cause remanded.